AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern DIstrict of New York  ▼

| | |
|---|---|
| Nuro Feratovic | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 24 CV4186 |
| Neptune Maintenence Corp. Albert "dOE" and KHalil "D | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Matthew Persanis, Esq.
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____06/20/2024_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern DIstrict of New York    ▼

| | |
|---|---|
| Nuro Feratovic | )|
| *Plaintiff* | )|
| v. | )|
| Neptune Maintenance Corp. Albert "dOE" and KHalil "D | )|
| *Defendant* | )|

Civil Action No.  24 CV4186

## WAIVER OF THE SERVICE OF SUMMONS

To:  Matthew Persanis, Esq.
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from      06/20/2024     , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Eastern Distric of New York    [▼]

|  |  |  |
|---|---|---|
| Nuro Feratovic | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  24 cv 4186 |
| Neptune Maintenence Corp. Albert "DOE" and Khalil " | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  MIchael Jacobson, Esq. on behalf of Neptune Maintenence Corp.
  *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:    06/20/2024

*Signature of the attorney or unrepresented party*

Matthew Persanis, Esq.
*Printed name*
Elefante & Persanis, LLC
141 Hillside Pl.
Eastchester, NY 10709

*Address*

mp@elefantepersanis.com
*E-mail address*

914 961 4400
*Telephone number*

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nuro Feratovic

## DEFENDANTS

Neptune Maintenence Corp, Albert "DOE", Khalil "DOE"

**(b)** County of Residence of First Listed Plaintiff    Kings
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Kings
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew Persanis (MP1182)
Elefante & Persanis, LLP
141 Hillside Pl.

Attorneys *(If Known)*
Michael Jacobson
Milman Labuda Law Group
3000 Marcus Ave, ste 3W8

## II. BASIS OF JURISDICTION *(Place an "X" in Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                                and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 usc 201
Brief description of cause:
Failure to pay min. waGE, FAILURE TO PAY OVERTIME, FAILURE TO PAY SPREAD OF HOURS

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration [ ]

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

[ ]    monetary damages sought are in excess of $150,000, exclusive of interest and costs,

[ ]    the complaint seeks injunctive relief,

[ ]    the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

PLAINTIFF IS AN INDIVIDUAL

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

# NY-E DIVISION OF BUSINESS RULE 1(d)

1.)    Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?    [ ] Yes    [✓] No

2.)    If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    [ ] Yes    [✓] No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?    [✓] Yes    [ ] No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? [ ] Yes [ ] No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

[✓] Yes    [ ] No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

[ ] Yes    (If yes, please explain    [✓] No

I certify the accuracy of all information provided above.

Signature: _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| NURO FERATOVIC | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| NEPTUNE MAINTENENCE CORP. a New York Corppration, Albert "DOE" and Khalil "DOE" Individually | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No. 24 CV 4186

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Neptune Maintenence Corp
Albert "Doe"
Khalil "Doe"
2530 Ocean Ave.
Ste 1A
Brooklyn, NY 11229

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Matthew Persanis, Esq.
Elefante & Persanis, LLP
141 Hillside Pl.
Eastchester, NY 10709

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: _____                    _____
                                          *Signature of Clerk or Deputy Clerk*

UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

NURO FERATOVIC,

                              Plaintiff,                           CASE NO.: *24 CV 4186*

    - against –

NEPTUNE MAINTENANCE CORP., a
New York Corporation, Albert "DOE" and Khalil "DOE"
Individually

                             Defendant.

-----------------------------------------------------------------X

## COMPLAINT

      Plaintiff, NURO FERATOVIC, ("Plaintiff"), hereby sues Defendant, NEPTUNE MAINTENANCE CORP., (hereinafter "Corporate Defendant") Albert "DOE" and Khalil "DOE" (individual defendants);

## NATURE OF ACTION

      1.     Plaintiff brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA" ) for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and for the violations of the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

      2.     This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

      3.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the event or omissions giving rise to the claims occurred in this District, Defendant operate their business in this District, and Plaintiff was employed in this District.

<u>PARTIES</u>

4.    Plaintiff is over the age of 18 years, sui juris, and is a resident of the State of New York.

5.    Corporate Defendant is a corporation organized and existing under the laws of the State of New York.

6.    Corporate Defendant is located at 2530 Ocean Avenue, Suite 1A, Brooklyn, New York 11229.

7.    Defendant Neptune Maintenance Corp. is an enterprise as defined by the FLSA, 29 U.S.C. §203 (r-s).

8.    Defendant Albert "DOE" is the owner of Neptune Maintenance Corp.

9.    Defendant Khalil "DOE" is the direct supervisor of Plaintiff and directed his hours of work.

10.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

11.    Upon information and belief, the Corporate Defendant had, at all time material hereto, an gross annual volume of sales of not less than $500,000.00

12.    Union information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

<u>FACTS</u>

13.    At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA and NYLL.

14.    Plaintiff worked for the Defendants from July 1976 through March 2024.

15.    Plaintiff was employed as a Building Superintendent and his job duties included cleaning and maintaining of the building located at 1350 East Street, Brooklyn, NY 11230.

16.    Plaintiff regularly handled goods in interstate commerce, including different cleaning supplies, oil deliveries, and other goods.

17.    Plaintiff's work duties required neither discretion nor independent judgment.

18.    Plaintiff worked seven (7) days a week (Monday through Sunday ) from 10:00 a.m.to 3:00 p.m. and returned from 7:00 p.m. to 9:00 p.m. daily. Accordingly, Plaintiff worked approximately 49 hours per week during his employment with Defendant.

19.    Plaintiff was paid a flat rate of $185.00/week.

20.    Throughout his employment with Defendants, Plaintiff was paid by check.

21.    Defendants failed to pay Plaintiff any overtime premium (time and a half) for hours worked over forty (40) in each work week.

22.    Defendants failed to pay Plaintiff minimum wage for hours worked.

23.    Defendants failed to provide Plaintiff, at the time of hiring, a statement in English and the employee's primary language (in this case, Serbo-Crotian, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

24.    Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he worked 10 hours or more.

25.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

26.    Defendant Khalil "DOE" was and is the direct supervisor of Plaintiff. As such he was aware of the hours worked and the failure to pay overtime or minimum wage.

27.     Defendant Albert "DOE" was and is the owner of Neptune Maintenance Corp. and as such was fully aware of the hours worked by Plaintiff and the failure to pay minimum wage or overtime.

### FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

28.    Plaintiff re-avers and re-alleges the allegations set forth above, as through fully set forth here.

29.     Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked more than forty hours in a work week, in violation of 29 U.S.C. § 207 (a)(1).

30.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

31.     Plaintiff was damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>
<u>(Violation of the Overtime Provisions of the New York Labor Law)</u>

32.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

33.     Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half time the regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

34.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

35.     Plaintiff was damaged in an amount to be determined at trial.

<u>THIRD CAUSE OF ACTION</u>
<u>(Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)</u>

36.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

37.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours was ten hours or more in violation of NYLL §§650 et seq. and 12 N.Y.C.R.R. §§ 146-1.6.

38.     Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours was ten hours or more was ten hours or more was willful within the meaning of NYLL § 663.

39.     Plaintiff was damaged in an amount of be determined at trial.

<u>FOURTH CAUSE OF ACTION</u>
<u>(Violation of the Notice and Recordkeeping Requirements of the New York Labor Law)</u>

40.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

41.    Defendants failed to provide Plaintiff with a written notice, in English and in Plaintiff's primary language, of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

42.    Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

FIFTH CAUSE OF ACTION
(violation of the Wage Statement Provisions of the New York Labor Law)

43.    Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

44.    Defendants never provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

45.    Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

SIXTH CAUSE OF ACTION
(Defendants failed to pay Plaintiff minimum wage for hours worked)

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment as follows:

a)    Declaring that Defendants violated the overtime wage provisions and associated rules and regulations under, the FLSA as to Plaintiff.

b)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff.

c)    Awarding Plaintiff damages for the amount of unpaid wages, unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

d)    Awarding Plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, 29 U.S.C. § 216 (b);

e)    Declaring that Defendants violated the minimum wage provisions, overtime wage provisions of, and rules and orders promulgated under NYLL;

f)    Declaring that Defendants violated the Spread of Hours wage Order of the New York Commission of Labor.

g)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

h)     Awarding Plaintiff damages for the amount of unpaid overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages.

i)     Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198 (1-d);

j)     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

k)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

l)     Awarding Plaintiff the expenses incurred n this action, including costs and attorneys' fees;

m)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent  (15%), as required by NYLL §198(4); and

n)     All such other and further relief as the Court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues triable by a jury.


Dated June 12, 2024


Respectfully Submitted,



Matthew Persanis, Esq.(MP1182)
Elefante & Persanis
141 Hillside Place
Eastchester, NY  10709
914 961 4400
mp@elefantepersanis.com