UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NURO FERATOVIC,

                    Plaintiff,

- against -

NEPTUNE MAINTENANCE CORP., a New York
Corporation, ALBERT "DOE" and KHALIL "DOE"
Individually,

                    Defendants.
-----------------------------------------------------------------X

Civil Action No.: 1:24-cv-04186-CLP

**ANSWER**

Defendant Neptune Maintenance Corp., a New York Corporation ("Neptune Maintenance Corp." or "Defendant"), by and through its attorneys, Milman Labuda Law Group, PLLC, hereby answer the Complaint ("Complaint") of Nuro Feratovic ("Plaintiff" or "Feratovic") as follows:

## NATURE OF THE ACTION

1. Defendants admit the allegations contained in ¶1 of the Complaint but deny Plaintiff is entitled to any relief stated therein.

## JURISDICTION, AND VENUE

2. Paragraph 2 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in ¶ 2 of the Complaint.

3. Paragraph 3 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in ¶ 3 of the Complaint.

## **PARTIES**

4. Defendants deny the allegations in ¶ 4 of the Complaint except admit Plaintiff is over 18 years of age.

5. Defendants admit the allegations in ¶ 5 of the Complaint.

6. Defendants admit that the post office address of Corporate Defendants is on file with the Secretary of State.

7. Paragraph 7 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in ¶ 7 of the complaint.

8. Defendants deny the allegations in ¶ 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the Complaint.

10. Paragraph 10 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in ¶ 10 of the complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 11 of the Complaint.

12. Paragraph 12 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in ¶ 12 of the complaint.

## **FACTS**

13. Paragraph 13 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in ¶ 13 of the complaint.

14. Defendants deny the allegations contained in ¶ 14 of the Complaint.

15. Defendants deny the allegations contained in ¶ 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of the Complaint.

17. Defendants deny the allegations contained in ¶ 17 of the Complaint.

18. Defendants deny the allegations contained in ¶ 18 of the Complaint.

19. Defendants deny the allegations contained in ¶ 19 of the Complaint.

20. Defendants deny the allegations contained in ¶ 20 of the Complaint to the extent that Plaintiff received a portion of compensation through check.

21. Paragraph 21 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of ¶ 21 of the Complaint.

22. Paragraph 22 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of ¶ 22 of the Complaint.

23. Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 23 of the complaint.

24. Paragraph 24 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in ¶ 24 of the Complaint.

25. Defendants deny the allegations contained in ¶ 25 of the complaint.

26. Paragraph 26 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 26 of the Complaint.

27. Defendant denies the allegations contained in ¶ 27 of the complaint except admit that Albert "DOE" was and is the owner of Neptune Maintenance Corp.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

28. Defendants repeat and reallege the responses to the prior paragraphs as if fully set forth herein.

29. Paragraph 29 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of ¶ 29 of the Complaint.

30. Paragraph 30 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of ¶ 30 of the Complaint.

31. Defendants deny the allegations of ¶ 31 of the Complaint.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

32. Defendants repeat and reallege the responses to the prior paragraphs as if fully set forth herein.

33. Paragraph 33 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of ¶ 33 of the Complaint.

34. Paragraph 34 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of ¶ 34 of the Complaint.

35. Defendants deny the allegations contained in ¶ 35 of the Complaint.

### THIRD CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)

36. Defendants repeat and reallege the responses to the prior paragraphs as if fully set forth herein.

37. Defendants deny the allegations contained in ¶ 37 of the Complaint.

38. Paragraph 38 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of ¶ 38 of the Complaint.

39. Defendants deny the allegations contained in ¶ 39 of the Complaint.

### FOURTH CAUSE OF ACTION
### (Violation of the Notice and Recordkeeping Requirements of the New York Labor Law)

40. Defendants repeat and reallege the responses to the prior paragraphs as if fully set forth herein.

41. Paragraph 41 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in ¶ 41 of the complaint.

42. Defendants deny the allegations contained in ¶ 42 of the Complaint.

## FIFTH CAUSE OF ACTION
### (Violation of the Wage Statement Provision of the New York Labor Law)

43. Defendants repeat and reallege the responses to the prior paragraphs as if fully set forth herein.

44. Defendants deny the allegations contained in ¶ 44 of the Complaint.

45. Defendants deny the allegations contained in ¶ 45 of the Complaint.

## SIXTH CAUSE OF ACTION
### (Defendants failed to pay Plaintiff minimum wage for hours worked)

46. Defendants deny the sixth cause of action.

## RESPONSE TO PRAYER FOR RELIEF

47. Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has been paid all monies owed to him.

## FOURTH AFFIRMATIVE DEFENSE

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff cannot establish that any alleged violation of the FLSA was willful and, thus, cannot establish entitlement to a three-year statute of limitations with respect to his claims.

## FIFTH AFFIRMATIVE DEFENSE

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, then Defendants assert that at all times a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

## SIXTH AFFIRMATIVE DEFENSE

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff is not entitled to liquidated damages because Defendants' actions regarding payroll practices and compliance with the New York Labor Law and/or the FLSA were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the New York Labor Law and/or the FLSA.

## SEVENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, as to all the hours allegedly worked by Plaintiff that were not reported in accordance with any applicable policies or procedures.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, as to all hours allegedly worked of which Defendants lack actual or constructive knowledge.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, release, accord and satisfaction, estoppel and/or laches.

### TENTH AFFIRMATIVE DEFENSE

Defendants have met and satisfied any and all obligations to Plaintiff that arose out of and during his employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE

The allegations of the Complaint are insufficient to entitle Plaintiff to an award of attorneys' fees.

### TWELFTH AFFIRMATIVE DEFENSE

The causes of action herein have been waived and/or are barred by reason of the Plaintiff's failure to give proper and timely notice to the Defendants of his claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a janitor within the meaning of the Building Service Industry Wage Order (12 NYCRR 141 *et seq.*), Plaintiff was exempt from overtime and minimum wage requirements under New York Labor Law and the Fair Labor Standards Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff succeeds in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Plaintiff, which is expressly denied, Defendants are entitled to a set-off against said sum to the extend paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any

other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above his wages.

## **FIFTEENTH AFFIRMATIVE DEFENSE**

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the Fair Labor Standards Act and the New York Labor Law.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the Fair Labor Standards Act or New York Labor Law.

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent he petitioned for bankruptcy either under Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not similarly situated with those he alleges are potential members of a collective action.

## **NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff did not work forty-nine (49) hours per week.

## **TWENTIETH AFFIRMATIVE DEFENSE**

This action must be dismissed due to insufficient service of process.

## **TWENTY-FIRST  AFFIRMATIVE DEFENSE**

Defendants are not employers or joint employers of the Plaintiff within the meaning of the Fair Labor Standards Act or the New York State Labor Law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any equitable relief because he has an adequate remedy at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York State Labor Law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants deny that they committed any of the New York Labor Law violations alleged in the Complaint, including failure to pay overtime hours, spread of hours, or that Defendants committed any violations concerning notice and recordkeeping requirements or wage statement provisions.

### TWENTTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendants reserve the right pending completion of discovery to assert any additional defenses that may exist.

## **DEMAND FOR TRIAL BY JURY**

Defendants demand a trial by jury on all issues so triable in this action.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint of Plaintiff, together with costs and disbursements of this action.

Dated: September 9, 2024
      Lake Success, NY

/s/ Joseph M. Labuda
Joseph M. Labuda, Esq.
MILMAN LABUDA LAW GROUP, PLLC
*Attorneys for Defendants*
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899