UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

NURO FERATOVIC,

                        Plaintiff,

- against –

NEPTUNE MAINTENANCE CORP., a
New York Corporation, 1350 E 18th LLC, a New York Corporation
Albert Srour and Khalil Ismael
Individually

                        Defendant.

-----------------------------------------------------------------X

Amended Complaint
CASE NO.: 24 CV 4186

## COMPLAINT

Plaintiff, NURO FERATOVIC, ("Plaintiff"), hereby sues Defendant, NEPTUNE MAINTENANCE CORP., (hereinafter "Neptune"), 1350 E 18th LLC herein after ('E 18th") Albert Srour and Khalil Ismael (individual defendants);

## NATURE OF ACTION

1.    Plaintiff brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA" ) for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and for the violations of the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (the "Spread of Hours Wage Order"), for retaliation under The Fair Labor Standards Act of 1538, 29 U.S.C. §201 et seq. ("FLSA") and Age Discrimination including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

3.    Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a

substantial part of the event or omissions giving rise to the claims occurred in this District, Defendant operate their business in this District, and Plaintiff was employed in this District.

## PARTIES

4. Plaintiff is over the age of 18 years, sui juris, and is a resident of the State of New York.

5. Corporate Defendant, Neptune Maintenance Corporation ("Neptune") is a corporation organized and existing under the laws of the State of New York.

6. Corporate Defendant, Neptune, is located at 2530 Ocean Avenue, Suite 1A, Brooklyn, New York 11229.

7. Corporate Defendant, 1350 E 18th Street, LLC ("E 18th"), is a corporation organized and existing under the laws of New York State and is located at 2350 Ocean Avenue, Suite 1A, Brooklyn, NY 11229.

8. Defendant, Neptune Maintenance Corp. and 1350 E 18th Street, LLC, are both enterprises as defined by the FLSA, 29 U.S.C. §203 (r-s).

9. Defendant Albert Srour is the owner of Neptune Maintenance Corp. and 1350 E 18th Street, LLC and has a place of business at 2530 Ocean Avenue, Suite 1A, Brooklyn, NY 11229.

10. Defendant Khalil Ismael is employed by Neptune Maintenance Corp. and 1350 E 18th Street, LLC and is the direct supervisor of Plaintiff and directed his hours of work with a place of business located at 2530 Ocean Avenue, Suite 1A, Brooklyn, New York 11229.

11. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12. Upon information and belief, the Corporate Defendant had, at all time material hereto, an gross annual volume of sales of not less than $500,000.00

13. Union information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14. At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA and NYLL.

15. Plaintiff worked for the Defendants from July 1976 through March 2024.

16. Plaintiff was employed as a Building Superintendent and his job duties included cleaning and maintaining of the building located at 1350 E 18th Street, Brooklyn, NY 11230.

17. Plaintiff regularly handled goods in interstate commerce, including different cleaning supplies, oil deliveries, and other goods.

18. Plaintiff's work duties required neither discretion nor independent judgment.

19. Plaintiff worked seven (7) days a week (Monday through Sunday) from 10:00 a.m. to 3:00 p.m. and returned from 7:00 p.m. to 9:00 p.m. daily. Accordingly, Plaintiff worked approximately 49 hours per week during his employment with Defendant.

20. Plaintiff was paid a flat rate of $185.00/week.

21. Throughout his employment with Defendants, Plaintiff was paid by check, at no time was the plaintiff told he was a janitor.

22. Defendants failed to pay Plaintiff any overtime premium (time and a half) for hours worked over forty (40) in each work week.

23. Defendants failed to pay Plaintiff minimum wage for hours worked.

24. Defendants failed to provide Plaintiff, at the time of hiring, a statement in English and the employee's primary language (in this case, Serbo-Crotian, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

25. Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he was required to be on the premises for 10 hours or more per day.

26. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

27. Defendant Khalil Ismael was and is the direct supervisor of Plaintiff. As such he was aware of the hours worked and the failure to pay overtime or minimum wage.

28. Defendant Albert Srour was and is the owner of Neptune Maintenance Corp. and 1350 E 18th Street, LLC, and as such was fully aware of the hours worked by Plaintiff and the failure to pay minimum wage or overtime.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

29. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth here.

30. Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked more than forty hours in a work week, in violation of 29 U.S.C. § 207 (a)(1).

31. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

32. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

33. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

34. Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half time the regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

35. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

36. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)

37. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

38. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours was ten hours or more in violation of NYLL §§650 et seq. and 12 N.Y.C.R.R. §§ 146-1.6.

39. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours was ten (10) hours or more was willful within the meaning of NYLL § 663.

40. Plaintiff was damaged in an amount of be determined at trial.

## FOURTH CAUSE OF ACTION
(Violation of the Notice and Recordkeeping Requirements of the New York Labor Law)

41. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

42. Defendants failed to provide Plaintiff with a written notice, in English and in Plaintiff's primary language, of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

43. Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
(violation of the Wage Statement Provisions of the New York Labor Law)

44. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

45. Defendants never provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

46. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
(Defendants failed to pay Plaintiff minimum wage for hours worked)

47. Plaintiff re-avers and re-alleges the allegations set forth above, as they are fully set forth herein.

48. Defendant agreed to pay plaintiff minimum wage for the hours he would in violation of New York State minimum wage law Article 19 §652.

## SEVENTH CAUSE OF ACTION
## (Age Discrimination)

49. Plaintiff re-avers and re-alleges the allegations set forth above, as truthfully set forth herein.

50. Plaintiff repeatedly referred to plaintiff as "old" and "too old" to perform his duties. Defendant Khalil Ismael repeatedly told the Plaintiff he should retire he was too old to work.

51. Defendant fired plaintiff telling him he was "too old."

52. Defendant violated New York City Administrative Code § 1-7 by discriminating against Plaintiff in his employment by firing him because of his age

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment as follows:

a) Declaring that Defendants violated the overtime wage provisions and associated rules and regulations under, the FLSA as to Plaintiff.

b) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff.

c) Awarding Plaintiff damages for the amount of unpaid wages, unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

d) Awarding Plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, 29 U.S.C. § 216 (b);

e) Declaring that Defendants violated the minimum wage provisions, overtime wage provisions of, and rules and orders promulgated under NYLL;

f) Declaring that Defendants violated the Spread of Hours wage Order of the New York Commission of Labor.

g) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

h) Awarding Plaintiff damages for the amount of unpaid overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages.

i) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198 (1-d);

j) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

k.) Declaring the Defendants violated the non-retaliation provision of the Fair Labor Standard Act.

l) The Defendants violated the New York City Human Rights Law.

m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL §198(4); and

p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated February 10, 2025

Respectfully Submitted,

Matthew Persanis, Esq.(MP1182)
Elefante & Persanis
141 Hillside Place
Eastchester, NY 10709
914 961 4400
mp@elefantepersanis.com