**ELEFANTE & PERSANIS, LLP**
ATTORNEYS AT LAW
141 Hillside Pl.
Eastchester, NY 10709
(914) 961 4400

**RALPH J. ELEFANTE**                                                 **MARJORIE CAMPBELL.**
**MATTHEW N. PERSANIS**                                   **PARALEGAL**

Via ECF

March 26, 2025

Hon. Cheryl L. Pollock, U.S.M.J.
United State District Court, Eastern District of New York
225 Cadman Plaza,
Brooklyn, NY 11201

Re: Nuro Feratovic V Neptune Maintenance Corp. Et. Al.
Case No.: 1-24-cv-04186-PKC-CLP

Dear Judge Pollock;

We represent Plaintiff in the above captained matter. This letter is in response to Defendant's letter motion to dismiss the added claim for discrimination in the Amended Complaint.

Defendant's reasoning for dismissing the state discrimination claim relies on *Miranda v YBJ, Inc.* 2023, U.S. Dist. LEXIS 73719, (S.D.N.Y April 27, 2023, No. 23 CV 1841). There is a stark difference between that case and the case at hand. In *Miranda* the Plaintiff's claim that was dismissed was wholly unrelated to his Federal claims. Miranda brought a claim under the Fair Labor Standards act for unpaid overtime, that is similar to the case at hand, but the difference is the state claim Miranda Brought was for discrimination and hostile work environment while he was working. Those two claims had unrelated fact patterns. Here, the state claim for discrimination arises out of the same set of facts.

In the Judge's Decision and Order, Judge Briccetti stated the law regarding supplemental jurisdiction. He stated "Under 28 U.S.C. §1367 (a) In any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

"[D]isputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006). Thus, the exercise of supplemental jurisdiction is justified "where the facts underlying the federal and state claims substantially [overlap] or where presentation of the federal claim necessarily [brings] the facts underlying the state claim before the court." Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000).

Here the state claim for discrimination based upon age arises out of the same facts as the violation of the non-discrimination clause of the FLSA.

Plaintiff's counsel should have sought leave of the court to file the Amended Complaint. There is no dispute with that. But with the exception of adding the state claim for age discrimination, the Amended Complaint sought to add the last names to the original Defendants and to add additional corporate defendants that employed Plaintiff. The reason for the delay in addressing those items was the amount of time it took to obtain the last names of the "Doe" defendants from Defendants counsel and the amount of time it took to track down viable addresses for the Defendants. Counsel for Defendants would not accept service nor provide addresses. In addition, the addresses listed for Defendants are incorrect. This added to the time required to track them down and get them served.

Defendants have not asked for dismissal of the Amended Complaint, only dismissal of the State discrimination claim.

Therefore, based upon the above we ask the Court to not grant Defendant's motion and if the Court is inclined to do so, to grant leave for Plaintiff to amend its complaint to add the new corporate defendants and the last names of defendants formerly referred to as "Doe" along with a claim for retaliation under the F.L.S.A.

In addition, we see no valid reason to hold discovery in abeyance.

Sincerely,

Matthew Persanis