UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

NURO FERATOVIC,

                       Plaintiff,                        CASE NO.: 24 CV 4186

   - against –

NEPTUNE MAINTENANCE CORP., a
New York Corporation,
Albert "Doe" and Khalil "Doe"
Individually

                       Defendant.
-----------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR COMPLAINT

Plaintiffs respectfully submit this Memorandum of Law in support of their Motion for Leave to Amend their Complaint. Two copies of the Proposed Amended Complaint ("Amended Complaint") (clean and marked to show changes from the original Complaint, see ECF. No. 1) are annexed to the motion.

The Amended Complaint has several purposes:

      It replaces the placeholder surnames "Doe" with the actual surnames of the individual Defendants

      It adds a corporate Defendant, the ownership entity of the property

      It adds a cause of action for termination in retaliation for filing of the FLSA claim.

Plaintiffs' proposed amendments and supplemental allegations, all of which pertain to their existing causes of action and are put forth before the Court-imposed deadline for motions to amend the pleadings, before the close of fact discovery, and before Defendants have sought any discovery at all from the existing named plaintiff, are timely, would not prejudice Defendants, and would not be futile. Accordingly, Plaintiffs' motion should be granted in its entirety.

## BACKGROUND

   **A.** Procedural History:

Plaintiff commenced this suit by the filing of a Complaint on June 12, 2024. The unexecuted waiver of service and unexecuted Summons were filed on August 8, 2024. A Notice of Appearance for Corporate Defendant Neptune Maintenance Corp (Herein after "Neptune") was filed on August 22, 2024 simultaneously with a motion for an extension to submit an Answer. That motion was granted and on September 23, 2024.

On September 23, 2024 an order scheduling an initial conference was entered setting the date of October 16, 2024. Defendants filed amotion asking for an adjournment of the conference which was granted, scheduling the conference for November 6, 2024.

The case was referred to mediation and a mediation was held on February 7, 2025. No settlement was reached.

### B. Supplemental Facts

During the mediation the owner of the property, 1350 E 18th LLC, was disclosed. This is a necessary party and Plaintiff seeks to amend the Complaint to add this necessary party to the action.

On January 20, 2025, in response to a question posed, Defendants' attorney provided the last names of the two individual Defendants.

In Preparation for mediation it was also discovered that Plaintiff was terminated in response to his bringing the claim for unpaid wages.

### C. The Proposed Amended Complaint

The proposed amended Complaint proposes four changes, two of which are purely ministerial in nature. The Amended Complaint proposes to add the surnames of the two individual Defendants, add the ownership entity of the property which employed Plaintiff and add a claim for retaliation under the FLSA claim.

## ARGUMENT

**Plaintiff should be granted leave to amend the Complaint by adding the surnames of the two named individual Defendants, adding the ownership entity and adding the claim for retaliation under the F.L.S.A.**

### A. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely give[n] when justice so requires." Fed.R.Civ.P. 15(a)(2). While district courts have broad discretion to grant or deny motions to amend, see McCarthy v. Dun & Broadstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007), the Rule 15 standard is a "permissive" one that "is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." Williams v. Citigroup, Inc., 659 F.3d 208, 212-13 (2d Cir. 2011); see also Foman v. Davis, 371 U.S. 178, 182

(1962) ("If the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Thus, as the Supreme Court has instructed, "[i]n the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave should, as the rules require, be freely given." Foman, 371 U.S. at 182. Moreover, "the party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile." Xerox Corp. v. Lantronix, Inc., 342 F.Supp.2d 362, 370 (W.D.N.Y. 2018) (internal citations and quotations omitted). Although Fed.R.Civ.P. 15(a) generally governs the amendment of complaints, where the proposed amendment seeks to add new parties, Fed.R.Civ.P. 21 controls. Javier H. v. Garcia Botello, 239 F.R.D. 342, 346 (W.D.N.Y. 2006) (citing Rush v. Artuz, 2001 WL 1313465, at *5 (S.D.N.Y., Oct. 26, 2001). Rule 21 states that "[p]arties may be ... added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. "In deciding whether to allow [new parties], the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." Id.; see also Clarke v. Fonix Corp., 1999 WL 105031, *6 (S.D.N.Y. March 1, 1999), aff'd 199 F.3d 1321 (2d Cir.1999). The same is essentially true where, as here, facts are sought to be alleged, so that the new Complaint is a Supplemental Complaint under Rule 15(d), as well as an Amended Complaint under Rule 15(a). Under the foregoing standards, Plaintiffs should be permitted to amend their Complaint to add the surnames of already named individual Defendants, add a new named necessary Defendant, and factual allegations regarding the Defendants retaliation against Plaintiff for raising the issue of wage violations. As set forth below, Plaintiffs did not unduly delay the amendment of their Complaint and are not seeking these amendments in bad faith. These proposed amendments would not duly prejudice Defendants and are not futile. Accordingly, justice requires that leave to make these proposed amendments be granted.

### B. There Has Been No Undue Delay or Bad Faith on Plaintiffs' Part

Plaintiff has not unduly delayed amending the Complaint to add the new named Defendan. The passage of time alone, in the absence of bad faith or prejudice, is not a sufficient reason for denying a motion to amend. Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir.2008); Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234–35 (2d Cir.1995); State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir.1981). Thus, the court may only "deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties." Grace v. Rosenstock, 228 F.3d 40, 53–54 (2d Cir.2000) quoting Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir.1990); see also Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir.2000) (permitting amendment of answer to assert additional affirmative defense after a seven-year delay does not

constitute an abuse of discretion in the absence of prejudice). While explanation for a delay is necessary, "even vague or thin reasons are sufficient." Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 80 (E.D.N.Y. 2011) (quoting Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 97–98 (S.D.N.Y.2010)). Here, Plaintiff seeks leave to amend prior to any discovery deadline, and within two (2) months of finding out the additional information necessary to file the Amended Complaint. , the Second Circuit has previously held that a much more significant length of time from the commencement of the action to the filing of the motion for leave to amend is not unreasonable delay without some evidence of bad faith or prejudice. See Pasternack v. Shrader, 863 F. 3d 162, 174 (2d Cir. 2017). In Pasternack, Plaintiff's moved to amend 19 months after the commencement of the original suit and the district court denied their motion to amend based on "delay and litigation expenses." Id. The Second Circuit reversed the district court denial of the motion to amend, concluding that "without more," the denial based solely on "delay and litigation expenses," constituted abuse of discretion. Id. Here, the length of time it has taken Plaintiff to seek to add surnames to the previously named Defendants, a new named Corporate Defendant , and the new factual allegations is not the result of any bad faith on their part, but, rather the time needed to uncover the new entity and names of the Defendants and the mediation process that provided the basis for the new factual allegations. Moreover, If Defendants had not sought to delay the action at every step, by seeking leave for more time to file an answer, by seeking an adjournment of the initial conference , by denying the acceptance of service on behalf of clients, these discoveries would have been made much sooner. See, e.g., ECF Nos. 21, 24, 25, 34, 42, 51, 53. In sum, any delay in Plaintiffs' seeking to amend their Complaint is not "inordinate" and therefore not grounds to deny their motion. See Grace v. Rosenstock, 228 F.3d 40, 53–54 (2d Cir. 2000).

### C. The Proposed Amendments Will Not Prejudice Defendants

Defendants would not be prejudiced by the proposed amendments. "Although prejudice to the opposing party has been described as the most important reason for denying a motion to amend, only undue prejudice warrants denial of leave to amend." Underwood v. Roswell Park Case 1:18-cv-00719-CCR Document 57-1 Filed 04/23/20 Page 10 of 19 11 Cancer Inst., 15-CV-684-FPG, 2017 WL 1593445, at *5 (W.D.N.Y. May 2, 2017) (quoting Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016); see also Oneida Indian Nation of New York State v. County of Oneida, 199 F.R.D. 61, 77 (N.D.N.Y.2000) (noting that where moving party provides explanation for delay, opposing party must make "greater showing" of prejudice). In deciding whether such prejudice exists, courts evaluate whether the amendment would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Courts also consider the particular procedural posture of the case. See, e.g., Ruotolo v. City of New York, 514 F.3d 184, 192 (2d

Cir.2008) ("Undue prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof.") Under Block, Plaintiffs' proposed amendments will not unduly prejudice Defendants. Block, 988 F.2d at 350. First, Defendants will not be required "to expend significant additional resources in order to conduct discovery or prepare for trial." Id. Moreover, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." Guadagno v. MA Mortenson Co., No. 15-CV-00482, 2018 WL 4870693, * 7 (W.D.N.Y. Oct. 2, 2018) (quoting United States ex. rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1255 (2d Cir. 1989)). Further, the proposed amendments will not significantly delay the resolution of the dispute. The Plaintiff is seeking to amend his Complaint before the close of fact discovery, before any dispositive motions have been filed, and before Defendants have just begun to seek discovery from Plaintiffs. All of Defendants' discovery requests so far would be the same even if the Amendments are granted. See Guadagno, 2018 WL 4870693 at * 8 (refusing to deny amendment on grounds of prejudice and delay where "no trial date had been set, discovery had not yet ended, and no dispositive motions had been filed.").

### D. The Proposed Amendments Would Not be Futile

Plaintiffs' proposed amendments to their Complaint would not be futile. "The standard for denying leave to amend based on futility is the same standard for granting a motion to dismiss." IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Group, PLC, 783 F.3d 383, 389 (2d Cir. 2015). Thus, in determining whether a proposed amended pleading "states a claim, [courts] consider the proposed amendment[s]. . . along with the remainder of the complaint, accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in [the pleader's] favor to determine whether the allegations plausibly give rise to an entitlement to relief." Panther Partners, Inc. v. Ikanos Communications, Case 1:18-cv-00719-CCR Document 57-1 Filed 04/23/20 Page 12 of 19 13 Inc., 681 F.3d 114, 119 (2d Cir. 2012). Here, adding the correct surnames of the individual Defendants, adding an addition necessary Defendant and adding a claim for retaliation under the F.L.S.A will not in any way be futile.

### CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that their motion for leave to amend and supplement their Complaint be granted.

Date: April 17, 2025

                                        Respectfully Submitted,

                                        Matthew Persanis, Esq. (MP1182)
                                        Attorney for Plaintiff
                                        Elefante & Persanis
                                        141 Hillside Place
                                        Eastchester, NY 10709
                                        914 961 4400
                                        mp@elefantepersanis.com